

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| ANTHONY CAROL HAND,<br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security<br>Administration,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 8:18-cv-1420-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING THE DECISION OF THE COMMISSIONER**

This is a Social Security appeal in which Plaintiff Anthony Carol Hand (Hand) seeks judicial review of the final decision of Defendant Nancy A. Berryhill (Commissioner) denying Hand's claims for disability insurance benefits (DIB) and supplemental security income (SSI). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court the Commissioner's decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Therefore, the Court need not—and will not—address any of Hand's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

The Magistrate Judge filed the Report on April 30, 2019. Hand filed his sole objection on May 5, 2019, and the Commissioner replied on May 16, 2019. The Court has carefully reviewed Hand's objection but holds it to be without merit. Therefore, it will enter judgment accordingly.

Hand applied for DIB and SSI on November 24, 2015, asserting his disability commenced on June 1, 2012. The claims were denied initially and on reconsideration by the Social Security Administration. On Hand's request, an administrative law judge (ALJ) conducted a de novo hearing on December 14, 2017 of Hand's claims. On January 10, 2018, the ALJ issued an unfavorable decision holding Hand not disabled under the Social Security Act (the Act) from the date of the alleged disability onset through the date of decision. Although the ALJ determined that Hand's impairments prohibited him from returning to his past relevant work, the ALJ determined that Hand is able to perform other jobs that exist in significant numbers in the national economy. Therefore, the ALJ determined that Hand did not have a disability under the Act.

It is Plaintiff's duty both to produce evidence and to prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, "to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the

weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, however, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Hand objects to the Magistrate Judge's finding the ALJ's decision was supported by substantial evidence. Objection 1. Specifically, Hand contends the ALJ failed to consider the evidence of his condition worsening over time. *Id.* at 2. According to Hand, the ALJ placed "erroneous reliance on the 'lack of medical evidence' and 'extensive activities of [Hand's] daily living'" to determine Hand's impairments did not inhibit his ability to engage in medium work despite testimony from a treating podiatrist. *Id*. at 4-5. Hand argues because the Magistrate Judge failed to address the issues Hand raised about alleged contradictions in the ALJ's decision or the ALJ's alleged failure to follow procedures for the consideration of medical evidence, the case must be remanded. *Id*. at 1, 5. The Court disagrees.

The ALJ "must consider all the evidence and explain on the record the reasons for his findings, including the reason for rejecting relevant evidence in support of the claim." *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980). "Even if legitimate reasons exist for rejecting or discounting certain evidence, [the ALJ] cannot do so for no reason or for the wrong reasons." *Id.* Further, the Court "cannot determine if findings are unsupported by substantial evidence unless

[the ALJ] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). Nevertheless, the duty of explanation is satisfied "[i]f a reviewing court can discern what the ALJ did and why he did it." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999) (internal quotation marks omitted).

Having reviewed the record under the standard set forth above, the Court finds that the Magistrate Judge did address the issues raised by Hand and agrees with the Magistrate Judge that the ALJ's decision is supported by substantial evidence. As the Magistrate Judge notes, "the ALJ adequately discussed the evidence in the entire record and addressed his consideration of the same." Report 22.

Contrary to Hand's assertion, the ALJ properly considered the chronology of the evidence. The Court agrees with the Magistrate Judge that the ALJ's analysis of Hand's daily activities and Hand's new treatment regimen constitute substantial evidence of Hand's residual functional capacity. The ALJ properly considered Hand's daily activities beginning in December 2015 until December 2017 and found Hand's activities were not limited to the extent expected based on his complaints. *Id*. The ALJ also properly considered Hand's medication in December 2017 and Hand's use of medical assistive devices beginning in April 2016 until December 2017. *Id*.

Hand also argues the ALJ improperly dismissed the November 2017 opinion of his treating podiatrist, Dr. William Long. However, the ALJ considered Dr. Long's opinion in the context of the whole record and found that his opinion was contradictory to the rest of the evidence. The Court agrees with the Magistrate Judge that the ALJ properly explained his consideration of Dr. Long's opinion, finding his opinion to be unsupported by the medical evidence of record. *Id*. The ALJ found Dr. Long's other physical examinations of Hand contradict his November 2017 opinion. *Id*. at 23. Finally, the ALJ considered the short two-month period of time in which Dr.

Long treated Hand and properly construed the weight of Dr. Long's opinion under the applicable regulations. *Id*. at 23. The ALJ properly considered all of the evidence in the record and substantial evidence existed for him to determine Hand was not disabled under the Act.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Hand's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 11th day of July 2019 in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE